## NEGLIGENCE—PLEADING—RAILWAYS—STREET RAILWAYS.

[Hamilton (1st) Court of Appeals, July 17, 1913.]

PITTSBURGH, C. C. & ST. L. RY. v. ALBERT PRITZ, ADMR.

Swing, Jones and Jones, JJ.

1. **Liability of Steam Railway for Watchman's Raising Gate at Street Crossing as Train Approached not Lost by Location of Gate Outside Point Electric Car Required to Stop at Crossing.**

    Where a fatal injury to a street car passenger at a railway crossing was due to the concurrent negligence of both the steam and the electric railway company, the fact that a crossing gate which had been negligently raised by the steam railway watchman was situated more than fifty feet from the crossing, and under a strict construction of the law the electric car would be bound to stop for the crossing after passing the gate, does not afford ground for relieving the steam road from liability growing out of its own negligence in raising the gate in the face of an oncoming train.

2. **Failure to Allege Proper Number of Children Left by Deceased in Petition for Negligence does not Invalidate Judgment for Full Amount under Statute.**

    Failure to allege in the petition that, in addition to the widow and two children mentioned in the petition, the decedent was also the father of two other children by a divorced wife, does not invalidate the judgment recovered, where the recovery is for the entire amount permissible under the statute; but in such a case the claim of the two unnamed children may be presented to the probate court and their share apportioned to them out of the judgment.

ERROR to common pleas court.

*Maxwell & Ramsey,* for plaintiff in error.
*Wm. Littleford,* for defendant in error.

**JONES, O. B., J.**

The action below was brought to recover damages for the wrongful death of Henry Graf, who was a passenger upon a car of the Cincinnati Traction Company, and who was killed by a train on the railroad of the defendant company at the point where it crosses Eastern avenue at grade.

At this crossing safety gates are maintained by the defendant company which are operated by a man in a tower who had

an extended view of the steam railroad tracks. Eastern avenue and the railroad cross at this point at a very acute angle, there being double tracks of the Cincinnati Traction Company in Eastern avenue and a double track of the steam railroad operated by defendant company. The safety gate east of the railroad is close to and parallel with the tracks. The safety gate west of the railroad is a distance of 130 feet from the center of the double track along the center of Eastern avenue—the street railway being located in the center of the avenue quite a distance from the middle thereof. The distance from the center of Eastern avenue at the point of the location of the west gate northwardly across to the south railroad track is probably not more than thirty feet. The car on which deceased was riding was a summer car and was eastward bound. When it reached the west gate the car stopped and the conductor went forward to the center of the railroad track and gave the motorman the signal to come on. This was claimed to be in compliance with Sec. 9125, G. C. The tower gateman had the gates raised and the car proceeded, when the tower man seeing the approaching train from the east come westward toward the crossing commenced to ring his gong and undertook to lower the gates, but too late. There seems to have been no signal from the conductor further than his original signal to come on. The motorman by putting on high-speed proceeded with his car and crossed the track just before the train reached him. At least two of the passengers, however, in the extreme peril of the occasion, jumped from the car in an effort to save their lives. Plaintiff's decedent was one of these, and in jumping he alighted upon the railroad track and was killed by the train. Independent actions have been prosecuted against the traction company and the plaintiff in error here by the administrator of the deceased. .

From the record it appears that the facts make out a case of concurrent negligence upon the part of both the plaintiff in error here and the Cincinnati Traction Company, against which latter company a judgment of the same amount as was given here against the plaintiff in error, viz., $10,000, was recovered

in another case, and is brought into this record by exhibits attached to the bill of exceptions.

Plaintiff in error here relies upon the argument that because the distance between the west gate and the actual crossing of the tracks was more than fifty feet that the stop to be made by the street railway company under the statute should have been east of the gate, and that therefore the invitation extended to the street car operatives to proceed across its tracks by reason of its open safety-gate was not the proximate cause of the injury, because under a strict construction of the statute after the safety-gate had been passed the street railway car must again stop for the purpose of complying with Sec. 9125, G. C.

This crossing furnishes an unusual state of facts for the application of this law, as the two tracks are so close together, crossing at such a sharp angle. But as the purpose of the law to require the street car operative to rely upon their own inquiry and observation rather than on that of the steam railway employes seems to have been observed, although ineffectively, it is the opinion of the court that the question of time can not be successfully used to protect the steam railway from the consequence of the negligence of its employes. It has been repeatedly held in this state that a crossing accident such as the one under consideration is the result of the concurrent negligence of the street car employes and the railroad employes, and that both companies are therefore liable. *Cincinnati, St. Ry.* v. *Murray,* 53 Ohio St. 570 [42 N. E. Rep. 596; 30 L. R. A. 508] ; *Toledo, Consol. St. Ry.* v. *Fuller,* 9 Circ. Dec. 123 (17 R. 562) ; *Kopp* v. *Railway,* 25 O. C. C. 546 (1 N. S. 596), affirmed, no op., *Baltimore & O. S. Ry.* v. *Kopp,* 71 Ohio St. 444.

The fact that the traction company, through its conductor who failed to see the on-coming train, was negligent, is no excuse for the negligence of the plaintiff in error through its gate tender in opening the gates when the train was approaching and thus extending an invitation to the street car to advance, *Cleveland, C. C. & O. Ry.* v. *Schneider,* 45 Ohio St. 678 [17 N. E. Rep. 321], and the negligence of the two companies was so

near together in point of time that they must be deemed concurrent.

Another point urged strongly by plaintiff in error was the fact, which developed in the trial of the case, that deceased instead of leaving a widow and two children as set out in plaintiff's petition, had in addition thereto two other children by a previous wife who had been divorced.

Under the terms of Sec. 10772, G. C., it is provided that an action of this character shall be for the exclusive benefit of the wife and children but is to be brought in the name of the personal representative of the deceased for their benefit, and the jury may give such damages not exceeding (at that time) $10,-000 as they may think proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit the action was brought. This section, however, provides that the amount recovered shall be apportioned among the beneficiaries, unless adjusted between themselves, by the court making the appointment, in such manner as shall be fair and equitable, having reference to the age and condition of such beneficiary and the laws of descent and distribution. If the amount of recovery here had been less than the amount fixed by statute, it would present a question much more difficult than it now does, because as the suit was by the administrator, who is the representative of all the beneficiaries, if the recovery were less than the full amount it would not be deemed to cover any loss that might have been suffered by those children not referred to in the pleadings; but if the jury deemed the loss suffered by the two who were referred to with the widow to amount to the maximum that could be allowed, then nothing in addition could be recovered on behalf of the two unnamed children. But as it now stands, these children can present their claims to the probate court which made the appointment of the administrator, at the time it comes to make its apportionment of the amount recovered. The fact therefore that all of the children were not set out in the petition can not be deemed prejudicial to the plaintiff in error.

Objection is also made by plaintiff in error to the para-

Railway v. Pritz.

graph in the charge of the court given by the judge presiding in the trial below, which has been previously criticized by this court in another case, viz.:

"You have the right to reject any evidence that you choose and consider only that which appeals to your sense of justice and of fairness."

The record in this case shows but little controversy as to the facts. They were proven in considerable detail by plaintiff's witnesses, and were not seriously controverted by defendant. While the language objected to is subject to criticism, used as it is in connection with the entire paragraph preceding it, of which it is a part, we do not think that it is so prejudicial to defendant as to require a reversal here, nor do we find any error in the record so prejudicial to the defendant.

Judgment below will therefore be affirmed.

**Swing** and **Jones, JJ.**, concur.