## THE BALTIMORE & OHIO RD. CO. *v.* KATELY.

*Negligence — Charge to jury — Exercise of care — Locomotive engineer and automobile driver — Railroad crossing accident — Knowledge of location of crossing — Objects obstructing view of crossing.*

1. In an action to recover for personal injuries sustained in a collision between a railroad train and an automobile, at a railroad crossing, the trial court instructed the jury as follows:

    "The defendant had the right to run its train over said crossing at any speed consistent with safety which was necessary in the conduct of its business in the usual and ordinary manner, taking into consideration however all the circumstances surrounding that crossing affecting the traveling public and having a due regard for the safety of the public using the crossing."

    *Held:* Error, on authority of *N. Y., C. & St. L. Rd. Co. v. Kistler,* 66 Ohio St., 326, 341.

2. A traveler on a public highway approaching a railroad crossing is not excused from looking and listening for trains, or from exercise of ordinary care, even though he is not aware of such crossing, if the railroad is obvious to anyone reasonably exercising his ordinary powers of observation.

3. It is error for a trial court to instruct the jury that in determining whether or not a plaintiff exercised ordinary care in approaching and going upon a crossing they might take into consideration the fact that the plaintiff was a stranger in that locality and not familiar with the location and position of things and objects thereabouts, if the railroad and the sign giving notice of such railroad are so obvious that a person in the exercise of ordinary care would observe the same.

4. In an action to recover for personal injuries sustained in a
   collision between an automobile and a train, upon a railroad
   crossing, where there is testimony tending to show that trees,
   weeds, brush, or, other objects, obstructed the view of such
   . railroad, it is error for the trial court to refuse to charge that a
   railroad company has no control over the trees, weeds, brush
   and other objects not on its right of way or own lands, although
   they obstruct the view of its lines, and that a company is not
   required to take such things into consideration in approaching
   a crossing with its trains.

(Decided February 7, 1919.)

Error: Court of Appeals for. Richland county.

*Messrs. McBride & Wolfe,* for plaintiff in error.
*Messrs. Brucker, Voegele & Henkel,* for defendant in error.

Farr, J. (of the Seventh Appellate District, sitting in place of Shields, J.). The action in the court below was to recover for personal injuries sustained by the defendant in error on or about the first day of May, 1917, at what is known as the Park Avenue West crossing of the Baltimore & Ohio Railroad and the Lincoln Highway, immediately west of the city of Mansfield.

The amended petition alleges that on or about the above date defendant in error was riding with her husband, Edward S. Kately, and their four-year-old child in an automobile belonging to the husband, who was the driver thereof; that they were making a trip from their home in the city of Chicago, Illinois, to the city of New York, over the Lincoln Highway, and in the course of said journey eastward reached the crossing of the highway and the railroad company's tracks, at what

is known as Park Avenue West near the city of Mansfield; that she was, in the exercise of ordinary care, maintaining a lookout, and observed a railroad crossing ahead, and, seated in the front seat of the auto, when about thirty feet from the crossing she looked both north and south; that the view to the south was obstructed by trees, underbrush and growth, and an embankment along the defendant's right of way, but that she continued to look until she reached the crossing; that she did not, in the exercise of ordinary care, see the train of the defendant company approaching; that at that time the automobile was being operated in a careful and proper manner, and was under the full control and management of the husband, and was being operated at a speed of not more than 10 miles per hour; that there is a sharp curve in the line of the railroad a short distance south of said crossing, rendering the same dangerous and unsafe, all of which was unknown to plaintiff, but which was well known to defendant company, which continued to maintain said crossing in such dangerous condition and to operate its trains over the same in a careless, negligent and wanton manner; that at the time of the accident and injury to plaintiff, defendant carelessly, negligently and wantonly operated a freight train on and over said crossing at not less than twenty-five miles per hour, without any signal by bell, whistle or otherwise; that there was no flagman or watchman at the crossing, and the electric signal bell there maintained did not give any alarm or warning of the approach of said train; and that the defendant company, through its servants and em-

ployes, in the exercise of ordinary care, could or should have seen the dangerous position of plaintiff, but that it operated its said locomotive and cars wantonly and recklessly on to said crossing, without any decrease of speed, and without warning, striking said automobile, breaking and overturning the same, and injuring plaintiff by pinning her underneath, by which she was severely cut, lacerated and bruised on and over her face and head, shoulders, back, chest, abdomen and limbs, injuring her nervous system, fracturing her right arm, permanently impairing its movement, fracturing the right clavicle, and resulting in numerous other injuries of a lasting and permanent character, for which damages are asked in a substantial sum.

To this amended petition an amended answer was filed, admitting in the first defense the non-essential allegations and tendering a general denial.

As a second and alternative defense it is averred that if the defendant, its officers, agents or employes, were negligent, the said Anna B. Kately, through neglect and want of care at the time, contributed to whatever injury she received, by not looking or listening for the approaching train and in not calling the attention of the driver to said crossing or train, and negligent in the manner in which she attempted to cross defendant's tracks; and that she took no precaution in looking to her own safety.

To this answer a reply, in substance a general denial, was filed, and the issues then being joined trial to jury was had, which resulted in a verdict

and judgment for plaintiff, from which error is prosecuted in this court.

There are a number of assignments of error in the admission and rejection of testimony, all of which have been carefully examined and which it is not necessary to discuss here in detail; it is, in regard thereto, sufficient to say that no error was disclosed sufficiently prejudicial to the substantial rights of plaintiff in error to authorize or warrant a reversal of the judgment.

A number of assignments of error are strongly urged to the charge of the trial court to the jury, the first of which is to the part of the charge that follows:

"In the use of the crossing their rights are co-ordinate and equal, reasonable care and prudence must be used and exercised by each in the use of same; each must use his own right to cross that he shall not unreasonably interfere with the rights of others to pass over, having in view the nature, necessities of the method of locomotion and power of control of the locomotion peculiar to each. Both are bound to exercise such prudence as an ordinarily prudent person would exercise under the same or similar circumstances."

In the case of *N. Y., C. & St. L. Rd. Co.* v. *Kistler,* 66 Ohio St., 326, 335, Burket, J., in discussing the charge of the court, criticises the following:

"The jury are instructed that the defendant railroad company had, at the time of the collision complained of, the same right to use that portion of the public highway over which its track passed at the point of collision that the public had. Its

rights and those of the plaintiff were mutual and reciprocal, and the railroad company and the plaintiff were bound to have due regard each for the safety of the other."

And then observes:

"This charge was too strongly in her favor. While in law she had the same right to use the crossing that the railroad company had, the different modes of such use constitute a difference in right. As she could stop with her team within a few feet, and the train could not stop short of many rods, it follows of necessity that when both were approaching the crossing at the same time, the train had the right of way, and it was her duty to stop and let the train pass before attempting to cross. Commentaries on Law of Negligence by Thompson, Section 1611; *Continental Improvement Company* v. *Stead,* 95 U. S., 161, 163. Such would be the conduct of all men of ordinary care under such circumstances. To rush ahead and attempt to pass knowing the train to be close at hand, is not the conduct of ordinary prudent persons, but is gross negligence."

The instruction given in the instant case, above set forth, is subject to criticism when compared with the principle announced in *Railroad Co.* v. *Kistler;* however, since the trial court adds, "Having in view the nature, necessities of locomotion and power of control of the locomotion peculiar to each, both are bound to exercise such prudence as an ordinarily prudent person would exercise under the same or similar circumstances," the instruction is not considered sufficiently erroneous to authorize a reversal. It would, however, have been far

preferable for the court to have followed the rule so clearly indicated in the *Kistler case.* It is indeed a serious question whether the jury sufficiently comprehended what is here permitted to become the "saving clause" of the instruction. The danger was that the jury might conceive that it was just as much the duty of the defendant to stop its train as for the auto to stop until the train would pass; however, the doubt will be resolved in favor of a presumption that the jury properly understood the instruction.

The court further instructed the jury that it would be negligence for the railroad company to permit or suffer shrubbery, trees or embankments to be upon its right of way so as to materially obstruct the view of the track or approaching trains by persons about to cross the track at a public crossing.

The jury should have been instructed that such trees, shrubbery and embankments, if upon the right of way, might be considered by them as a circumstance in determining whether or not the company was guilty of negligence in approaching the crossing, at the rate of speed and in the manner in which it approached the same with its train in the instant case.

The charge on the subject of wanton negligence is objected to, but it fairly states the law, and is therefore not objectionable.

Plaintiff's third request to charge is criticised because it is claimed that it prescribes a rule of conduct for one *approaching* a crossing, but does nothing more; that is, Mrs. Kately may have been ever so careful in her approach, but extremely

negligent in going upon the crossing before a rapidly approaching train. If she was negligent in going upon the crossing in front of such train, believing that she could cross in safety, and the engineer, after seeing her, was negligent in not lessening the speed or stopping his train, believing that she would cross in safety, then the proximate cause of the injury was the miscalculation and negligence of both, and there could be no recovery unless the engineer after he saw and realized her danger had time to slacken the speed or stop his train and prevent the injury. However, the request while incomplete is not substantially prejudicial.

Again, objection is urged to that part of the charge which reads as follows:

"The defendant had the right to run its train over said crossing at any speed consistent with safety which was necessary in the conduct of its business in the usual and ordinary manner, taking into consideration, however, all the circumstances surrounding that crossing, affecting the traveling public and having a due regard for the safety of the public using the crossing."

It is contended that this instruction makes it the paramount duty of the engineer to safeguard persons and property upon the crossing, while it is declared as the law in the *Kistler case* that his first duty is to take proper care for the persons and property in his charge. The above instruction given in the instant case is practically verbatim with the one criticised and held to be erroneous in the above case of *Railroad Co.* v. *Kistler, supra,* 341, as follows:

" 'The defendant had the right to run the train at the time and place of this collision at any speed consistent with the safety which was necessary in the conduct of its business in the usual and ordinary manner, taking into consideration, however, all the circumstances surrounding that crossing, affecting the traveling public and having a due regard for the safety of the public using the crossing.'

"From what has already been said as to the speed of trains, it will readily be seen that the latter part of this charge, all after word 'manner,' is erroneous."

Therefore, measured by the rule fixed in the *Kistler case,* the foregoing instruction in the instant case was absolutely erroneous and prejudicial because it imposes a higher duty upon the defendant company than is required by law.

Again, error is predicated upon plaintiff's seventh request given before argument. It reads as follows:

"7th. In determining whether or not the plaintiff exercised ordinary care in approaching and going on to said crossing, you may take into consideration the fact that the plaintiff was a stranger in that locality and was not familiar with the location and position of things and objects thereabout."

The foregoing is obviously erroneous, because whether a stranger or not, and whether familiar with the crossing or not, still the plaintiff was bound to exercise ordinary care for her own safety. The fact that her husband was driving the auto did not excuse her from making reason-

able and prudent effort to see for herself that the crossing was safe. *Hoag* v. *N. Y., C. & H. R. Rd. Co.,* 111 N. Y., 199; *Brickel* v. *N. Y., C. & H. R. Rd. Co.,* 120 N. Y., 290, and *Brommer* v. *Penna. Rd. Co.,* 179 Fed. Rep., 577, 3 syl.

Here was a large sign, on the bank near by, on plaintiff's side of the road, *"Danger, Railroad Crossing 500 Feet,"* and the white cross-arms at the crossing in the distance. If she could see these warnings—and she certainly could, had she looked —and did not see them, she is chargeable with knowledge just the same. *Wabash Rd. Co.* v. *Skiles,* 64 Ohio St., 458; *N. Y., C. & St. L. Ry. Co.* v. *Swartout,* 14 C. C., 582, and *Erie Rd. Co.* v. *Dump, Admx.,* 2 Ohio App., 210.

In the case of *Allyn* v. *Boston & Albany Rd. Co.,* 105 Mass., 77, Morton, J., at page 79, observes as follows:

"The fact that plaintiff did not know that there was a railroad there is no admissible excuse, because it is obvious that any man who had his sight and used it must have seen that he was approaching a railroad crossing. If the plaintiff did not see it, it shows conclusively that he was not using the circumspection and care which every prudent man does and is required to use in traveling. It is absurd to suppose that a traveler using ordinary care could, in the daytime and with nothing to interfere with his vision, get upon this railroad crossing without seeing it."

And, again, in *Horandt* v. *Central Rd. Co.,* 78 N. J. L., 190, 4th syllabus, it is held:

"A traveler on a highway approaching a railroad crossing is not relieved from the responsi-

bility of looking and listening for trains by reason of his ignorance of the existence of such crossing, if the presence of the railroad is obvious to any one reasonably using his ordinary powers of observation."

Therefore the plaintiff, though a stranger, was bound to exercise ordinary care for her own welfare; and the jury might well have understood that a less degree of care was required of plaintiff, because she was a stranger; and, if a less degree, how much less? The danger of the instruction becomes readily apparent. It was therefore erroneous and prejudicial. Some other objections were made to the charge, which it is not considered necessary to discuss here; the same applies to the question of "joint enterprise." Neither will any opinion be expressed at this time on the weight of evidence, which issue was not pressed in argument.

The last assignment for error which it is considered necessary to discuss here is the refusal of the trial court to give the defendant's first request to charge. It reads as follows:

"As a railroad company has no control over the trees, weeds, brush, shrubbery and the like not on its right of way, it is not required to take such things into consideration when approaching a crossing."

The foregoing assuredly is the law of Ohio as announced in *Railroad Co.* v. *Kistler,* seventh paragraph of the syllabus, which reads as follows:

"As a railroad company has no control over the trees, weeds, brush, shrubbery and the like, not on its right of way, it is not required to take such

things into consideration when approaching a crossing."

Why the foregoing was not given is not apparent; however, it was not, and its refusal was prejudicial error in view of the testimony disclosed by the record.

It follows, therefore, that the judgment must be reversed for error in the charge of the court below, and it is so ordered.

*Judgment reversed.*

POWELL and HOUCK, JJ., concur.