### No. 565

### HORTON v. NORFOLK & W. RY. CO.

#### No. 18374. Supreme Court

Pending on motion of Horton to direct Ross County Appeals to certify record; docketed July 26, 1924. 2 Abs. 303.

**991. RAILROADS—Are they required to maintain gates at grade crossings of city streets, aside from provision of 590 GC.?**

The statement of this case is made from the presentation of the facts and issues given in the brief of the plaintiff in error in support of his motion to certify.

It appears that the tracks of the railway company cross Main street in the city of Chillicothe at grade, at a point where it is freely and frequently used by the public in general. That the company had erected and maintained safety gates at the crossing and a warning bell, together with a watchman to operate them. That upon Dec. 24, 1922, about noon, as is alleged, it operated a motor car on the track across said Main street, at a speed of 20 miles an hour, which struck the automobile of Horton, then crossing over the tracks at said crossing. That the railway failed to lower the gate or to ring the bell or to give any manner of warning to Horton of the approach of the car.

That the operator of the railway motor car, observing the dangerous position in which the automobile was placed, ran the motor car into it, without attempting to slacken the speed of the car damaging the auto. The railway company denied all negligence or liability on its part, and set forth contributory negligence by Horton, who replied deying any negligence on his part.

Horton's evidence indicated that he was driving on the said street and when about 200 yards from the crossing, going at about 20 miles per hour, it was observed that the safety gates were lowered. That when he had neared to about 100 yards from the crossing the gates were elevated. That when he had reached a point about 10 feet from the tracks he observed the motor car bearing down upon him. He immediately applied the brakes on the auto, but owing to the slippery condition of the street it skidded on to the tracks and the collision ensued.

The Railway contended that 590 GC. did not apply to this case, as its requirements cover only "gates, bells, or devices erected under the direction of the commission" which these were not. Horton received a judgment in the Ross Common Pleas for $464.61, which was reversed by the Appeals, it stating the judgment of the lower court depended largely upon the application of the aforesaid statute, and particularly that part providing that a person should be in charge of the gate, and open and close it at the approach of each train or locomotive and keep it open at all other times.

It is the contention of Horton, however, that the crossing, being one so generally and universally used it became the duty of the railway company to maintain said gates aside from statutory direction, and should lower it upon the approach of any vehicle upon its tracks, whether a locomotive car, a handcar, or other car. The case of Railway Co. v. Schneider, 45 OS. 678, is cited by him as establishing the duty of the railway company to maintain such gates, aside from the obligation required by the statute aforesaid, it being affirmed in principle in Railway v. Printz, 1 O. App. 119.

Attorneys—Marshall & Phillips, Chillicothe, for Horton; Henry Bannon, Portsmouth, and L. S. Evans, Chillicothe, for Railway Co.

---

### No. 567

### GORDON TOLLIVER v. STATE

#### No. 18690. Supreme Court

Pending on motion of Tolliver to require the Athens Appeals to certify its record; docketed July 7, 1924. 2 Abs. 452.

**INTOXICATING LIQUORS—Applicability of 6175 GC. to Crabbe law and its constitutionality.**

Sec. 6175 GC. provides that fluids destroyed when premises are searched, or to be searched, manifestly for the purpose of preventing seizure, shall be prima facie intoxicating liquor and intended for unlawful sale.

This case involves the questions as follows as to:

1. Whether or not this section is applicable to the Crabbe law in creating a presumption that defendant is guilty of possessing intoxicating liquors, and that the same is fit for beverage purposes, if the defendant poured out a fluid which the state says was intoxicating liquor.

2. Whether or not it is in force and applicable to the Crabbe law, or whether said section is obsolete.

3. Whether or not it contravenes the Ohio constitution in that it deprives defendant of his right to require the state to prove its case against him.

Attorneys—Woolley & Rowlands, for Tolliver; R. W. Fensterwald, Pros. Atty., for State; all of Athens.