KELTING, AN INFANT, *v.* THE CHESAPEAKE & OHIO
RD. CO. ET AL.

(Decided November 26, 1934.)

*Mr. E. P. Buckenmyer,* for plaintiff in error.
*Messrs. Williams, Eversman & Morgan* and *Mr. Henry A. Middleton,* for defendants in error.

BY THE COURT.   In the action in the Court of Common Pleas to reverse the judgment in which this proceeding in error was instituted, plaintiff in error, a minor sixteen years of age, sought to recover damages for personal injuries alleged to have been caused by the negligence of the defendants in error.   At the trial,

the jury returned a verdict in favor of defendants in error.

About 12:30 o'clock a. m. on December 23, 1932, plaintiff in error was riding as a guest passenger in a Ford roadster driven by Robert Scannell, 19 years of age, and while driving easterly on Copeland boulevard in Toledo, the Ford roadster proceeding at a speed of at least 20 miles an hour collided with a freight train moving southwesterly about 15 miles an hour across the boulevard. The automobile ran into the twenty-third car from the engine of the moving train, there being eleven cars which had not yet passed over the crossing. Along the boulevard were some trees and telephone poles, none of which were on the right of way of the defendants in error, and it being winter, the trees were leafless. The roadway was clear, there being no snow or ice. Admittedly, however, there was a dense fog,—so much so that, in the words of Scannell, "the visibility was very poor, terrifically foggy night." The plaintiff in error says, also, that it was "very foggy," that she was paying attention to the road ahead and did not see a thing, and did not see the moving train until the automobile crashed into it; and Scannell says he didn't see it until he hit it. In her petition plaintiff in error says:

"The dark moving box cars in the dense, foggy atmosphere were not visible in the glare of the Ford roadster headlights to its occupants, plaintiff as a passenger in the Ford, and the driver of the Ford."

Both Miss Kelting and Scannell testified that they did not know that there was a railroad crossing at the place in question, and the evidence shows that the moving train was between the approaching roadster and the statutory sign required by Section 8852, General Code. Whatever the fact may be, there is no evidence to show frequency of the atmospheric conditions exist-

ing at the time and place in question,—in fact, no evidence of any such theretofore existing condition.

Although the location of the crossing is within the geographical boundaries of Toledo, the crossing and boulevard at the place in question are in the open country. The testimony of Miss Kelting and Scannell is to the effect that because of the density of the fog neither of them, with the headlights burning brightly, was able to see ahead and since neither was able to see objects outside the automobile,. the presence of trees and telephone poles along the highway had nothing whatever to do with the resulting collision.

"A railroad company has no control over the trees, weeds, brush, shrubbery and the like, not on its right of way", and "is not required to take such things into consideration when approaching a crossing." *N. Y., C. & St. L. Rd. Co.* v. *Kistler,* 66 Ohio St., 326, 64 N. E., 130. See also *B. & O. Rd. Co.* v. *Kately,* 12 Ohio App., 16.

The court is therefore of the opinion that no prejudicial error resulted from the order of the court striking from the petition the allegations as to trees, etc., along the highway, but in our judgment the court did commit prejudicial error in striking therefrom, which it did of its own volition, without motion therefor, the following allegation:

"In failing and neglecting to take any precautions of any kind to give a warning of any nature to plaintiff and others approaching said intersection on the northwestern approach of Copeland Boulevard at the time and place of collision above mentioned and detailed."

Fog is a physical condition and more or less an obstruction to view, depending upon its density, and by the exclusion from the petition of the foregoing quoted allegations, plaintiff in error was deprived of the right

to offer such evidence as might be relevant and competent on the subject covered thereby.

At the conclusion of the general charge, plaintiff in error requested the trial judge to charge the jury to the effect that if the jury found from the evidence that the defendants in error were negligent and Robert Scannell was negligent and that their combined negligence was the proximate cause of whatever, if any, injuries plaintiff in error sustained, then if the jury so found and also found that the plaintiff in error sustained injuries as the proximate result thereof, its verdict should be in her favor.

If, upon retrial, the trial court shall find the evidence then adduced sufficient to require submission of the controverted issues to the jury, then a majority of the court are of the opinion that the substance of the foregoing requested instruction should be given to the jury, one member of the court being of the opinion that the evidence adduced in the instant case was sufficient to require its submission to the jury and that therefore it was prejudicial error to have refused the requested instruction.

Because of the prejudicial error to which attention has been called, the judgment of the Court of Common Pleas must be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

RICHARDS, WILLIAMS and LLOYD, JJ., concur.