NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 23-2606

American Builders Insurance Company,
Appellant

v.

Keystone Insurers Group, Inc.; Ebensburg Insurance Agency

Ebensburg Insurance Agency, Third Party Plaintiff

v.

Custom Installations & Contracting Services, Third Party Defendant

On Appeal from United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-19-cv-01497)
District Judge: Honorable Matthew W. Brann

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 7, 2024

Before: CHAGARES, *Chief Judge*, CHUNG, and FISHER, *Circuit Judges*.

(Filed: August 22, 2024)

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

American Builders Insurance Company appeals the District Court's entry of summary judgment in favor of Ebensburg Insurance Agency. American Builders' claims were barred by Pennsylvania's two-year statute of limitations, so we will affirm.[1]

## I.[2]

Pennsylvania law states that "a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion."[3] So "the statute of limitations begins to run as soon as the right to institute and maintain a suit arises."[4] "[L]ack of knowledge, mistake or misunderstanding do not toll the running of the statute of

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity of citizenship). We exercise appellate jurisdiction under 28 U.S.C. § 1291 (final decisions of the district court). Following entry of summary judgment, Keystone Insurers Group's (entity that connected Ebensburg with American Builders) crossclaim against Ebensburg as well as Ebensburg's third-party complaint against Custom Installation Contracting Services (contracting company) remained pending in the District Court. And American Builders filed its notice of appeal prematurely, before the District Court certified its order granting summary judgment as final under Federal Rule of Civil Procedure 54(b). We granted a limited remand, however, for that certification to properly occur. Once it did, this premature appeal became jurisdictionally valid. *Instructional Sys. v. Comput. Curriculum Corp.*, 35 F.3d 813, 818 & nn.8–9 (3d Cir. 1994).

[2] We exercise plenary review over a district court's grant of summary judgment, and apply the same standard as the district court must apply. *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 144 (3d Cir. 2023). We also exercise plenary review over a district court's application of the statute of limitations and the relevant tolling principles. *Sheet Metal Workers Local 19 v. 2300 Grp., Inc.*, 949 F.2d 1274, 1278 (3d Cir. 1991).

[3] *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005).

[4] *Id.*

limitations."[5] Generally, the right to sue arises upon the infliction of an injury, but "[t]here are exceptions that act to toll the running of a statute of limitations."[6] Two such exceptions are the discovery rule and the doctrine of fraudulent concealment.[7] The District Court properly applied the discovery rule, and the doctrine of fraudulent concealment cannot resurrect American Builders' untimely claims.

The Pennsylvania Supreme Court has explained that the discovery rule is based on "inquiry notice."[8] So whether the statute of limitations has been triggered is tied to the plaintiff's "actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause."[9] Once the plaintiff has been put on sufficient notice to "awaken inquiry and suggest investigation" into the circumstances of the injury, the statute of limitations begins to run.[10] "The party seeking to invoke the discovery rule bears the burden of establishing the inability to know of the injury despite the exercise of reasonable diligence."[11]

---

[5] *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983).

[6] *Fine*, 870 A.2d at 858.

[7] *Id.*

[8] *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 249 (Pa. 2021).

[9] *Id.* at 251.

[10] *Beauty Time v. VU Skin Sys., Inc.*, 118 F.3d 140, 144 (3d Cir. 1997).

[11] *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997) (*citing Pocono*, 468 A.2d at 471).

The District Court held that American Builders was on inquiry notice as to the injury it suffered as of September 14, 2015. We agree. James Scott was injured on September 8, 2015. By the next week, internal American Builders emails showed that the company was aware of the fall and, given the circumstances of the fall, the inaccurate information contained in Custom's application. American Builders was also aware that Custom's application was submitted through eQuotes, and that Ebensburg had sole access to that system for purposes of Custom's application. Based on these undisputed facts, the District Court reasonably found that "by September 14, 2015, [American Builders] was aware that (1) someone submitted false information to it via eQuotes and (2) only Ebensburg, and not Custom, had access to the eQuotes system."[12] We agree that "those facts are sufficient to give [American Builders] inquiry notice of its potential claims against Ebensburg because it knew that Ebensburg had sole access to the mechanism that caused its injury."[13]

Both Ebensburg and Custom, then, were potential defendants. American Builders wrongly assumed, however, that Custom was the sole source of the misrepresentation and ultimately filed suit only against Custom. The District Court correctly held that "[American Builders] doesn't identify a basis for that assumption, much less one sufficient to invoke equitable tolling."[14]

---

[12] App. 25.
[13] *Id.*
[14] *Id.* at 26.

4

II.

American Builders argues that the related doctrines of inherent fraud and fraudulent concealment should have estopped Ebensburg from invoking the statute of limitations. But neither doctrine saves American Builders' claims.

Under Pennsylvania law, the doctrine of inherent fraud tolls the accrual of a claim where "the underlying events are based upon fraud or deceit."[15] "[T]he statute of limitations is tolled by the tortious conduct, without any further action by the wrongdoer, until the fraud should have been discovered by the plaintiffs."[16] "To prove inherent fraud," a plaintiff must establish that: (1) "the defendant made a representation in regard to a material fact;" (2) "the representation was false;" (3) "the representation was not actually believed by the defendant, on reasonable grounds, to be true;" (4) the plaintiff "acted on the misrepresentation to his damage;" and (5) the plaintiff "was not only ignorant of the falsity of the representation, but also reasonably believed it to be true."[17]

American Builders cannot make this showing because Ebensburg did not know the information it supplied to American Builders was incorrect at the time. Ebensburg submitted Custom's insurance application and supplemental responses to American Builders weeks before it learned—through Custom's responses to the Eastern Alliance

---

[15] *Sheet Metal*, 949 F.2d at 1280 (citing *Gee v. CBS, Inc.*, 471 F. Supp. 600, 622 (E.D. Pa. 1979)).

[16] *Beauty Time*, 118 F.3d at 147.

[17] *Sheet Metal*, 949 F.2d at 1280 (internal citations and quotation marks omitted).

Insurance Group[18] supplemental questionnaire—that Custom worked at a maximum height of twenty feet (rather than fifteen feet) and fifty percent of its work involved "working on rooftops." Therefore, when it submitted Custom's application and supplemental responses to American Builders, Ebensburg had reasonable grounds to believe the information it submitted was true. That negates one of the required elements of inherent fraud: that the representation was not reasonably believed by the defendant.[19]

Nor does the doctrine of fraudulent concealment toll the statute of limitations. This doctrine is related to, but distinct from, inherent fraud. Fraudulent concealment does not depend on a defendant's underlying action, which is at the center of the lawsuit, being fraudulent.[20] Instead, it requires that after the underlying events occurred—whether those underlying events were fraudulent or not—the defendant fraudulently concealed those events.[21] This doctrine estops the defendant from invoking the statute of limitations where, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry."[22] "The plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence."[23]

---

[18] Eastern is another company to which Ebensburg applied on Custom's behalf.
[19] *Sheet Metal*, 949 F.2d at 1280.
[20] *Beauty Time*, 118 F.3d at 146.
[21] *Id.*
[22] *Molineux v. Reed*, 532 A.2d 792, 794 (Pa. 1987) (internal quotation marks and citation omitted).
[23] *Fine*, 870 A.2d at 860.

American Builders claims that the District Court conflated the discovery rule and the doctrine of fraudulent concealment. We cannot agree. While the two legal principles are distinct, they are related.[24] And the District Court recognized that they are similar in a fundamental way: both involve the same inquiry into what a plaintiff knew or should have known.[25] This Court has applied those identical due diligence standards in both contexts for decades.[26]

American Builders argues at length, as it did before the District Court, that Ebensburg fraudulently concealed the information it subsequently learned through Custom's Eastern supplemental questionnaire. But those assertions do not change the fact that American Builders was on inquiry notice of the injury it suffered as of September 14, 2015. That reality forecloses American Builders' reliance on the doctrine of fraudulent concealment.[27] Because American Builders knew, or should have known, that it had a

---

[24] *Rice*, 255 A.3d at 249.

[25] *Fine*, 870 A.2d at 861 ("[A] statute of limitations that is tolled by virtue of fraudulent concealment begins to run when the injured party knows or reasonably should know of his injury and its cause."); *Rice*, 255 A.3d at 252 ("identical due diligence standard[s]" apply under both the discovery rule and the doctrine of fraudulent concealment).

[26] *Mest v. Cabot Corp.*, 449 F.3d 502, 516 (3d Cir. 2006) ("Like the discovery rule, the fraudulent concealment doctrine does not toll the statute of limitations where the plaintiff knew or should have known of his claim despite the defendant's misrepresentation or omission."); *Beauty Time*, 118 F.3d at 144 ("Courts employ the same 'knew or should have known' standard whether the statute is tolled because of the discovery rule or because of fraudulent concealment." (citation omitted)); *Urland v. Merrell-Dow Pharms., Inc.*, 822 F.2d 1268, 1273 (3d Cir. 1987) (same).

[27] *Fine*, 870 A.2d at 861; *Mest*, 449 F.3d at 516.

7

claim against Ebensburg in September 2015, the doctrine of fraudulent concealment does not toll the statute of limitations.

III.

Finally, we agree with the District Court that American Builders' claims were time-barred as a matter of law. True, "the determination concerning the plaintiff's awareness of the injury and its cause is fact intensive, and therefore, ordinarily is a question for a jury to decide."[28] "However, courts may resolve the matter at the summary judgment stage where reasonable minds could not differ on the subject."[29] The District Court correctly found that the relevant facts here are beyond dispute.

To briefly recount, Ebensburg submitted Custom's American Builders' application through eQuotes in May 2015. American Builders issued a policy to Custom through Ebensburg that July, and learned of Scott's fall and the apparent misrepresentations that September. Once American Builders learned of Scott's fall, it "was aware of sufficient critical facts" to notice American Builders of its injury and duty to investigate.[30] That is all that is required for inquiry notice, and so summary judgment was appropriate.

VI.

For these reasons, we will affirm.

---

[28] *Wilson v. El-Daief*, 964 A.2d 354, 362 (2009).
[29] *Id.*; *see also Adams v. Zimmer US, Inc.*, 943 F.3d 159, 164 (3d Cir. 2019).
[30] *Vitalo v. Cabot Corp.*, 399 F.3d 536, 543 (3d Cir. 2005).

8